IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                       24-MJ-1204

PETER CELENTANO,

                Defendant.

---

## NOTICE OF MOTION FOR A PROTECTIVE ORDER

**PLEASE TAKE NOTICE** that, upon an affidavit filed herewith, the undersigned moves the Court for a Protective Order with respect to discovery, which has been or will be provided to counsel for the defendant.

DATED: Buffalo, New York, October 28, 2024.

                                                  TRINI E. ROSS
                                                United States Attorney

                BY:     s/JEFFREY E. INTRAVATOLA
                          Assistant United States Attorney
                          United States Attorney's Office
                          Western District of New York
                          138 Delaware Avenue
                          Buffalo, New York 14202
                          716/843-5858
                          Jeffrey.Intravatola@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.     24-MJ-1204

PETER CELENTANO,

      Defendant.

_____

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE)    )   SS:
CITY OF BUFFALO   )

**JEFFREY E. INTRAVATOLA,** being duly sworn, deposes and states:

1.  I am the Assistant United States Attorney assigned to handle this prosecution on behalf of the United States. This affidavit is made in support of the government's motion for a Protective Order related to disclosure of search warrant affidavits and documents related to the charge in the Complaint.

2.  In federal court, "pre-trial discovery in criminal cases is strictly circumscribed." *United States v. Nelson*, 606 F. Supp. 1378, 1389 (S.D.N.Y. 1985). "Although Rule 16(a) [of the Federal Rules of Criminal Procedure] provides a mechanism for liberal discovery, it was not intended to provide the defendant with access to the entirety of the government's case

against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974).  Indeed, as discussed *infra*, Rule 16(d) contemplates protective orders to restrict discovery.

3.     The Court has broad authority to fashion protective orders in order to restrict discovery or inspection under Fed. R. Crim. P. 16(d).  Rule 16(d)(1) provides guidelines for courts to regulate discovery by issuing or modifying protective orders:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).  In *In re Terrorist Bombings of United States Embassies in East Africa*, 552 F.3d 93 (2d Cir. 2008), the Second Circuit held that Rule 16(d) gives district courts the discretion to determine the circumstances "under which the defense may obtain access to discoverable information." *Id*. at 122.  In *United States v. Delia*, 944 F.2d 1010 (2d Cir. 1991), the Second Circuit noted that Rule 16(d)(1) is "permissive," and gives district courts the ability to "limit or otherwise regulate discovery pursuant to Rule [16(d)(1)]." *Id.* at 1018.  Protective orders related to discovery are not subject to constitutional nor common law scrutiny "because experience and logic show that there is no right of access to discovery materials." *United States v. Smith*, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013).

4.     Since the Complaint in this case, the government has begun reviewing and preparing voluntary discovery for defense counsel.  The government is prepared to comply

2

with its discovery obligations in this case; however, it believes that a protective order should be issued to protect the interests discussed in detail below.

5. During pretrial litigation, the government will provide documents, such as search warrant affidavits. These documents may include information that may allow the defendant or others to identify confidential source(s) and witnesses in this case and assist in facilitating harm and threats towards those same individual(s). Because of these concerns, the government requests a protective order to limit dissemination of these materials. *See United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (finding it appropriate to limit defendants' possession of witness statements when the charges against them raised concerns of witness intimidation); *see also United States v. Barbeito*, 2009 WL 3645063, at *1 (S.D.W. Va. Oct. 30, 2009) (noting that while paper copies of discovery materials are not required to threaten or intimidate witnesses, they compound the danger that threats or harm occur). Courts have traditionally protected the identity of a confidential informant who provides information to law enforcement in order to "further [ ] and protect[ ] ... the public interest in effective law enforcement." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*. "The purpose of this protection is to safeguard witnesses from possible reprisals, and thus, is consistent with the 'strong public interest in encouraging the free flow of information to law enforcement officers' used to justify secreting informants' identities." *See United States v. Figueras*, 2009 WL 1364640, at *1 (W.D.N.Y. May 14, 2009) (citation omitted).

6.       The government now seeks to produce particular materltials early for defense counsel and defendant to review and be prepared for an eventual Indictment and/or trial date or to make a decision as to pretrial resolutions.  The case concerns firearms possession and distribution within the greater Genesee County, New York area.  The government must ensure that the identities of its witnesses are not disseminated to third parties, or the public at large for a variety of reasons, including the safety of witnesses and to protect the government's investigation and prosecution.  Furthermore, the government, under 18 U.S.C. § 3500, is entitled not to produce certain statements in question at all until after each witness testifies.  However, the government is providing early disclosure of certain *Jencks* materials to facilitate trial preparation, the efficient administration of justice, and potential pretrial resolutions.  "Where there is a legitimate concern for witness safety, a protective order of the sort requested by the Government will facilitate the valuable practice of early and expansive disclosure of 3500 material while reducing the danger of obstruction of justice."  *United States v. Garcia*, 406 F. Supp. 2d 304, 306–07 (S.D.N.Y. 2005).  The government believes that it is therefore appropriate, and in the interests of justice, to grant the relief that it now seeks.

7.       Counsel for defendant, James Wolford, Esq., has agreed to the terms of the Protective Order attached hereto as **Exhibit A**.

8.       Accordingly, in order to minimize the risks to the witnesses, confidential sources, and other individuals, the government requests that the Court direct defense counsel to comply with the terms of the Protective Order, attached as **Exhibit A**.

9. For the above reasons, the government requests that the Court issue the Protective Order attached hereto as **Exhibit A**.

DATED: Buffalo, New York, October 28, 2024.

                      TRINI E. ROSS
                      United States Attorney

BY: /s/ JEFFREY E. INTRAVATOLA
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York 14202
     716/843-5858
     Jeffrey.Intravatola@usdoj.gov

Subscribed and sworn to before me
this 28th day of October, 2024.

s/CHELSEA SCARSELLA
Commissioner of Deeds
In and for the City of Buffalo, New York.
My Commission Expires Dec. 31, 2024

5